UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
**FILED**
AUG 16 2022
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 22-32-DLB

UNITED STATES OF AMERICA             PLAINTIFF

V.             **PLEA AGREEMENT**

HARRY GILBERT FORGUE, III             DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 3 and 5 of the Indictment, charging violations of 18 U.S.C. §§ 2251(a) and (b) (Production of Child Pornography), as well as the Forfeiture Allegation. Pursuant to Rule 11(c)(1)(A), the United States (1) will move to dismiss any remaining counts at sentencing and (2) will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count 3 are:

    (a) The Defendant was the parent, legal guardian, or person with custody or control of a minor;

    (b) The Defendant permitted the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct;

    (c) The Defendant did so knowingly; and

(d) The Defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate commerce and the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate commerce by any means, including computer.

3. The essential elements of Count 5 are:

(a) The Defendant persuaded, induced, and enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

(b) The Defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate commerce and the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate commerce by any means, including computer.

4. As to Counts 3 and 5, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On April 10, 2020, the Department of Community Based Services (DCBS) in Boone County received a report that the Defendant, who was a foster parent through NECCO, had been physically and sexually abusing his adopted son, A.F. The Boone County Sheriff's Department (BCSD) commenced an investigation the same day. In short, the investigation revealed that, over a period of several years, the Defendant sexually abused several minor males who were placed in his home. He pled guilty to Sodomy, Sexual Abuse, Video Voyeurism, and Possession of Matter Portraying a Sexual Performance by a Minor on November 10, 2020 in Boone Circuit Court (case no. 20-CR-00295) and was sentenced a total term of 20 years in prison.

(b) As part of the investigation, A.F. was forensically interviewed at the Children's Advocacy Center on April 10, 2020. Among other things, A.F. disclosed that the Defendant was frequently on dating apps and would pretend to be A.F. When individuals would ask for photos, the Defendant would send photos and videos of A.F. (who was 16 years old at the time); some of the photos and videos were sexually explicit. One individual who the Defendant communicated

with was a 17-year-old male from Mason, Ohio (Y.A), who the Defendant ultimately met in person and had sex with.

(c) The Defendant's cell phone (an Apple iPhone Model 11 Pro Max) was searched pursuant to a warrant and the forensic examination corroborated the disclosures made by A.F. Specifically, during a chat on or about December 29, 2019, the Defendant (pretending to be A.F.) sent sexually explicit photos of A.F. to Y.A. In doing so, the Defendant permitted A.F. to engage in sexually explicit conduct (the lewd/lascivious display of his genitals) for the purpose of producing visual depictions. The photos were taken and sent with the Defendant's iPhone. The Defendant continued to trade photos and videos with Y.A. and, during a chat on January 1, 2020, the Defendant instructed Y.A. to engage in sexually explicit conduct (masturbation and lewd/lascivious display of his genitals) for the purpose of producing visual depictions. Y.A. complied and sent the Defendant a series of videos of him masturbating; these videos were taken and sent with Y.A.'s cell phone.

5. The statutory punishment for Counts 3 and 5 is not less than 15 years and not more than 30 years imprisonment, a $250,000 fine, and not less than 5 years and not more than lifetime supervised release. The following additional assessments may apply: (1) $5,000, in the case of any non-indigent person, pursuant to Section 101 of the Justice for Victims of Trafficking Act of 2015; and (2) not more than $50,000 for any person convicted of a child pornography production offense pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (18 U.S.C. § 2259A). Finally, a mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

3

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts contained in paragraph 4.

(c) For Count 3, pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(d) For Count 3, pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved sexual contact.

(e) For Count 3, pursuant to U.S.S.G. § 2G2.1(b)(3), increase the offense level by 2 levels because the Defendant knowingly engaged in distribution.

(f) For Count 3, pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the Defendant was a parent, relative, or legal guardian of the minor involved in the offense.

(g) For Count 3, pursuant to U.S.S.G. § 4B1.5(b)(1), increase the offense level by 5 levels because the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

(h) For Count 5, pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(i) For Count 5, pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act and sexual contact.

(j) For Count 5, pursuant to U.S.S.G. § 2G2.1(b)(6)(A) and (B), increase the offense level by 2 levels because the Defendant misrepresented his identity for the purpose of producing sexually explicit material and the offense involved the use of a computer.

(k) For Count 5, pursuant to U.S.S.G. § 4B1.5(b)(1), increase the offense level by 5 levels because the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

(l) For Count 3, the total offense level is 43. For Count 5, the total offense level is 41. Pursuant to U.S.S.G. § 3D1.4, the combined offense level is determined by taking the offense level applicable to the Group with the highest

offense level (Count 3) and increasing it based on the number of units. In this case, there are 2 units, resulting in an additional 2-level increase, for a total offense level of 45.

(m) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(n) Pursuant to U.S.S.G. § 5E1.1, restitution may be applicable.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence. In exchange, the United States agrees to recommend that 144 months of the sentence imposed in this case run concurrent to the undischarged term of imprisonment the Defendant is currently serving in Boone Circuit Case No. 20-CR-00295.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses, as set out in the forfeiture allegation of the Indictment.

10. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised

release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

    11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place

within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit

reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8/16/22     By: _____
                      Elaine K. Leonhard
                      Assistant United States Attorney

Date: 8-16-22         _____
                      Harry Gilbert Porgue, III

                                                  Defendant

Date: 8/16/22

James Stephen Smith
Attorney for Defendant