**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

**CRIMINAL ACTION NO.  2:22-cr-00032-DLB-CJS**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**vs.**

**HARRY GILBERT FORGUE III**                                                              **DEFENDANT**

**DEFENDANT'S SENTENCING MEMORANDUM**

  The Defendant, Harry G. Forgue III, through counsel, hereby submits the following Sentence Memorandum for the purposes of mitigation in his sentencing, which will take place December 07, 2022 at 11:30 a.m.  This Memorandum is submitted to address the relevant factors of 18 U.S.C. § 3553 and assist the Court to reach a reasonable sentence.

**SECTION I – THE NATURE AND CIRCUMSTANCES OF THE OFFENSE
AND THE HISTORY AND CHARACTERISTICS OF HARRY G. FORGUE III**

  Introduction

  Mr. Forgue pled guilty and accepts full responsibility for his actions.  He made no effort to obfuscate the truth in any manner. He has virtually no criminal history save this tragic series of events, which by their nature and time frame, mirror the behavior for which Kentucky has already sentenced him.

  18 U.S.C. §3553(a)(1) Characteristics of Mr. Forgue

  Mr. Forgue's is 31 years old, reasonably educated, has a supportive family, and has maintained employment.   He appears before this court for sentencing on a writ from Kentucky, where he is eligible for parole in June of 2030.  He also does not abuse substances or engage in unlawful behavior outside of the admitted offense conduct here.

Details of Mr. Forgue's life are outlined in the Presentence Report.

<u>The Nature and Circumstances of the Offense</u>

The offense conduct is of a nature that society finds abhorrent, and Mr. Forgue readily understands and appreciates this fact. Notwithstanding this fact, and with no intent to minimize Mr. Forgue's conduct or his acceptance of responsibility, undersigned counsel respectfully suggests that the law does little to distinguish between minor victims of tender years and those who are approaching adulthood. Again, this has absolutely nothing to do with guilt or innocence, and is a delicate item to even suggest.

## **SECTION II – THE NEED FOR THE SENTENCE IMPOSED:**

(A) *To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense pursuant to 18 U.S.C. §3553(a)(2)(A)*;

The offense is extremely serious, illegal interactions with minors are viewed by society with the deepest contempt. Mr. Forgue knows this and he will find himself in prison for a long time. How long he spends in prison is the question the Court must address.

Based upon the calculations in the PSR, which are not disputed, the guideline calculations are enormous, 360 months at the low-end. A Guideline sentence at the low end, without any other consideration, sees Mr. Forgue in prison until his late 50's. Even with the agreed upon recommendation of 144 months concurrent time with the Kentucky sentence, Mr. Forgue will not see the outside again for a long, long time.

(B) *To afford adequate deterrence to criminal conduct pursuant to 18 U.S.C. §3553(a)(2)(B);*

Max Forgue is 31 years old.

Deterring others is always a difficult equation. Who is going to know? We have decades of sentencing history for a variety of offenses, and little if anything to show for crime rates. Although deterrence is a pillar of our system, along with punishment and rehabilitation, it seems to be the lagging indicator. That is not to suggest it is meaningless, only to note that the length of the sentence, of any sentence, cannot be statistically tied to the success of that sentence in deterring others. It is a conundrum that won't be solved anytime soon.

(C) *To protect the public from further crimes of the defendant pursuant to 18 U.S.C. §3553(a)(2)(C);*

The best protection from any future acts, however distant, is counseling and education. I believe that the United States will agree that we are addressing a matter of sexual preference driven by biology and perhaps also socialization, not a criminal mind with the intent to hurt people. Society can also rely on the sex-offender registration requirements, a prolonged period of supervised release, and perhaps other measures not yet invented or developed to ensure Mr. Forgue's future behavior is compliant.

(D) *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner 18 U.S.C. §3553(a)(2)(D);*

Mr. Forgue will take advantage of whatever educational opportunities are available. He is very capable. One question is whether the sex-offender education/treatment he is currently undergoing might be duplicative of the treatment available in the federal system, and if so, if he is required to repeat the courses.

The Guidelines Range

Section 3553(a)(4) requires consideration of the appropriate Guidelines range as a beginning. Id. at 538, *citing*, Gall v. United States, 552 U.S. 38, 51 (2007).

## SECTION III – THE KINDS OF SENTENCES AVAILABLE

The Sentencing options outlined in Part D of the PSR indicate a sentencing guideline range of 360-720 months. Mr. Forgue pleads for a sentence more reflective of the statutory range of 15-30 years. As noted, there is no efficacy related to the length of a sentence. It is not a criticism of this or any court to note that criminal sentences are contrived in a political atmosphere based on a host of factors, few if any of which relate to "what works." As mentioned, Harry is 31 years old. A sentence of 24 years, for instance, will add at least 12 years to the sentence he is currently serving in Kentucky, if 144 months of the sentence imposed herein runs concurrently with the state sentence. Twenty-four years from today, Harry will be 55 years old. This is more than enough time to punish and rehabilitate Mr. Forgue, but not so much that he cannot be productive and earn a living when he is released. Moreover, it is a rational thought that a shorter sentence than 24 years would be more than enough.

The §3553(a) factors, in total, support such a sentence within the statutory range, followed by a term of supervised release. We pray that this is the decision of the Court.

## CONCLUSION

For the reasons stated above, the Defendant, Harry G. Forgue III, hereby prays that this Court sentence him in accordance with the statutory range, and that the Court designate 144 months of his federal sentence to be concurrent to the Kentucky state sentence he is currently serving. In addition, Mr. Forgue seeks clarity, if available, on the need to repeat sex offender counseling and course work in the federal system after completion of the same in the state system.

Such an Order will be sufficient but not greater than necessary to comply with the terms of 18 U.S.C. §3553(a).

                            Respectfully submitted,

                            <u>/s/ J. Stephen Smith</u>
                            J. Stephen Smith (KBA #86612)
                            Graydon Head & Ritchey LLP
                            2400 Chamber Center Drive, Suite 300
                            Ft. Mitchell, Kentucky 41017
                            Phone: (859) 578-3070
                            Fax: (859) 525-0214
                            ssmith@graydon.law